**In re GRAND JURY MATTER.**

**Misc. No. 81–150.**

United States District Court,
E. D. Pennsylvania.

June 12, 1981.

### MEMORANDUM

GILES, District Judge.

A county district attorney moves for access to testimony of a sitting federal grand jury in aid of a state criminal investigation. The motion will be denied.

The county attorney states that he has reason to believe that the subject matter of the federal and state investigations overlap. This averment is unsupported by competent evidence or affidavit. The county attorney also states that he believes the United States Attorney has no objection to disclosure. This averment is likewise without support. There is no indication that the United States Attorney is aware of, or has been served with, the motion. There has been no attempt to provide a legal explanation why this situation constitutes an exception to the general rule of grand jury secrecy. Although the county attorney asks for "disclosure of evidence under Fed.R.Crim. Pro. 6(e)," he neither mentions an exception to the Rule nor cites a case supporting the motion.

Most important, this situation does not fit any exception to the general rule of secrecy, Fed.R.Crim.Pro. 6(e)(2). The exceptions are

28

listed under Rule 6(e)(3).[1] Rule 6(e)(3)(A)(i) does not apply because a county official is not an "attorney for the government." Fed.R.Crim.Pro. 54(c); *see, e. g., Jachimowski v. Conlisk (In re Special February 1971 Grand Jury),* 490 F.2d 894, 896 (7th Cir. 1973); *In re Grand Jury Proceedings (Misc. No. 79–507),* 483 F.Supp. 422, 423 (E.D.Pa. 1979) (Shapiro, J.).

Rule 6(e)(3)(A)(ii) does not apply because disclosure is sought to enforce state, not federal criminal law. *See* Rule 6(e)(3)(B). *See generally* Comment, *Administrative Agency Lawyers' Presence in the Grand Jury Room: Rules to Prevent Abuse,* 128 U.Pa.L.Rev. 159 (1979).

Rule 6(e)(3)(C)(ii) does not apply because movant is not a defendant.

The only arguable exception is that of Rule 6(e)(3)(C)(i) "preliminary to or in connection with a judicial proceeding." A state criminal investigation is not itself a judicial proceeding but may be "preliminary to" a judicial proceeding. *See* 1 C. Wright & A. Miller, *Federal Practice & Procedure Criminal* § 109, at 195–96 (1969 & supp. 1979). Disclosure, therefore, might be appropriate upon showing of particularized need and compelling necessity. *See, e. g., Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979); *United States v. Procter & Gamble Co.,* 356 U.S. 677, 683, 78 S.Ct. 983, 986–87, 2 L.Ed.2d 1077 (1958). Movant, however, states only that the material is relevant to his investigation, that delay in production "would threaten to cause injustice," and, in conclusory fashion, that it is "necessary." There is no explanation why

movant cannot otherwise obtain the desired material. Movant's statements as made here could equally well accompany any state request for disclosure. *See Smith v. United States,* 423 U.S. 1303, 1304, 96 S.Ct. 2, 3, 46 L.Ed.2d 9 (1975) (Douglas, Circuit Justice, granting stay). They are simply inadequate to compel disclosure. *See, e. g., id; Misc. No. 79–507,* 483 F.Supp. at 424–25.

The motion, therefore, will be denied. A separate, impounded order will issue.

---

1. These exceptions are as follows:

(A) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury, other than its deliberations and the vote of any grand juror, may be made to—

(i) an attorney for the government for use in the performance of such attorney's duty; and

(ii) such government personnel as are deemed necessary by an attorney for the government to assist an attorney for the government in the performance of such attorney's duty to enforce federal criminal law.

(B) Any person to whom matters are disclosed under subparagraph (A)(ii) of this paragraph shall not utilize that grand jury material for any purpose other than assisting the attorney for the government in the performance of such attorney's duty to enforce federal criminal law....

(C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—

(i) when so directed by a court preliminarily to or in connection with a judicial proceeding; or

(ii) when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury.