**In re Petition for DISCLOSURE OF EVIDENCE TAKEN BEFORE the SPECIAL GRAND JURY CONVENED ON MAY 8, 1978, Petitioner.**

No. 80–7685
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

July 13, 1981.

As Amended Nov. 30, 1981.

---

James H. Evans, Dist. Atty., Fifteenth Judicial Circuit of Alabama, Montgomery, Ala., for petitioner.

William J. Baxley, Birmingham, Ala., for Juanita W. McDaniel.

L. Drew Redden and F. Timothy McAbee, Birmingham, Ala., for Walter F. Johnsey.

Phillip Wittmann, New Orleans, La., for Joe Fine.

L. Murray Alley, Birmingham, Ala., for Garry Drummond, Larry Drummond and Drummond Coal Co.

Appeal from the United States District Court For the Northern District of Alabama.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

PER CURIAM:

The District Attorney for the Fifteenth Judicial Circuit of Alabama, James H. Evans, appeals from the district court's denial of his motion to compel disclosure of grand jury testimony pursuant to Fed.R.Crim.P. 6(e)(3)(C)(i) (1975). Specifically, Evans seeks certain grand jury testimony and evidence received by a special federal grand jury convened to investigate alleged criminal misconduct in Alabama's coal industry. If released, the evidence will be used in an ongoing state investigation into alleged misconduct by the Alabama Public Service Commission. Disclosure is sought of any and all grand jury testimony or evidence which "touches, concerns or relates to Juanita McDaniel", former president of the Alabama Public Service Commission.

At a hearing before the district court on August 7, 1980, Evans asserted the following grounds for disclosure: (1) the policies in favor of grand jury secrecy were inapplicable, since the special federal grand jury had completed its investigation; (2) the statutory duty of the Montgomery County grand jury to investigate and indict constituted "particularized need" justifying disclosure; (3) the interest in protecting the public through investigation and prosecution of allegedly corrupt public officials established "particularized need"; (4) the information in the possession of the special federal grand jury could not be acquired by the Montgomery County grand jury except through disclosure; and (5) the disclosure of evidence received by a federal grand jury is appropriate when a state grand jury is investigating the same person. Evans' post-hearing motion to submit additional material for *in camera* inspection by the district court was denied on August 12, 1980.

On August 13, 1980, the district court entered an order denying Evans' motion for disclosure. In a contemporaneously entered memorandum opinion the district judge concluded that Evans had failed to establish a "particularized need" sufficient to justify disclosure of the information. The district court found that Evans had made only conclusory allegations as to the need and had failed to demonstrate that the information could not be readily acquired by the state grand jury through other means. In the district court's opinion, disclosure was sought "as a matter of convenience rather than on the basis of compelling need."

Evans filed a "motion to settle the record" with the district court on November

13, 1980. He contended that the hearing transcript did not reflect the tender of certain special grand jury records to the district court. In an order entered December 2, 1980, the district court acknowledged receipt of the federal documents, but noted that because the documents were not examined by the court, they had no bearing on the disposition of the disclosure motion. Thus, the district court granted the motion to settle the record only to the extent that it reflected the delivery of the documents.

Evans claims on appeal that the district court abused its discretion by prohibiting disclosure on grounds that a particularized need was lacking and by failing to examine all evidence tendered to the court in connection with the motion.

 Fed.R.Crim.P. Rule 6(e)(3)(C)(i) authorizes disclosure of matters occurring before a grand jury when so directed by a court preliminary to or in connection with a judicial proceeding. Disclosures to a state grand jury are encompassed by this Rule.[1] The policies favoring grand jury secrecy must still be given weight.[2] But, upon a showing of "particularized need" and "compelling necessity" disclosure may be permitted. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958). Recently, the United States Supreme Court set forth a three-prong test for determining the burden of proof in disclosure cases. The court stated:

> Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is great-

er than the need for continued secrecy, and that their request is structured to cover only material so needed.

*Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979). These requirements must be satisfied even though the grand jury whose materials are sought has concluded its operations. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. at 222, 99 S.Ct. at 1674.

 Without a showing that disclosure is necessary to avoid possible injustice in another judicial proceeding, the moving party cannot establish "particularized need". The standard also requires the movant to demonstrate reasons for disclosure which are peculiar and particular to his case. *Illinois v. Widmar*, 1980–81 Trade Cases ¶ 63,771 (N.D.Ill.1981). Evans suggests that the information cannot be obtained by other means. As evidence of this fact, he points out that verbatim transcripts are not available from many witnesses who surrendered them to the special federal grand jury without keeping copies for themselves and that testimony from some other witnesses was elicited by the special federal grand jury under a grant of immunity. Evans admits, however, that he possesses the names of those individuals that testified before the special federal grand jury but fails to explain why those named persons could not be subpoenaed to testify de novo before the Montgomery County grand jury. While it may be true that information presented in the federal proceedings is essential to avoid injustice in the state proceedings, it has not

1. *In re Special February 1971 Grand Jury v. Conlisk*, 490 F.2d 894, 897 (7th Cir. 1973); *U. S. v. Goldman*, 439 F.Supp. 337, 347 (S.D.N.Y. 1977); *In re Petition for Disclosure of Evidence*, 184 F.Supp. 38, 41 (E.D.Va.1960).

2. Those reasons have been summarized as follows:
> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the

witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.
> *U. S. v. Procter & Gamble Co.*, 356 U.S. 677, 681, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077, 1081 (1958) (citing *U. S. v. Rose*, 215 F.2d 617, 628 (3d Cir. 1954)).

been shown that disclosure of the federal grand jury material is the only means by which the information can be obtained. Disclosure of federal grand jury evidence and testimony to a state district attorney as a convenience to aid in the investigation of state criminal violations does not meet the particularized need standard.[3] *In re Grand Jury Proceedings*, 445 F.Supp. 349, 350 (D.R.I.), *appeal dismissed* 580 F.2d 13 (1st Cir. 1978).

Evans also urges that the public interest in maintaining a state government free from corruption and in prosecution of corrupt public officials constitutes a *prima facie* case of "particularized need". However, he does not furnish any reason for disclosure peculiar to this case against a public official. Allegations of public interest alone do not always constitute need *per se. United States v. Sobotka*, 623 F.2d 764, 768 (2d Cir. 1980). *Compare United States v. Salanitro*, 437 F.Supp. 240, 245 (D.Neb. 1977).

█ If a preliminary showing of particularized need is not forthcoming, the court can not proceed to balance need with the policies favoring grand jury secrecy in a given case.[4] Thus it was not necessary for the district court to become fully familiar with the state and federal grand jury proceedings pertaining to Mrs. McDaniel. The district court neither abused its discretion in choosing not to review the tendered federal grand jury materials, nor in denying Evans' motion to submit additional state grand jury materials.

For the foregoing reasons we AFFIRM the order of the district court denying the appellant's motion to compel disclosure.

---

**3.** The obvious import of this holding is that the mere fact that an ongoing state grand jury proceeding is seeking information on an individual already subject to a federal grand jury investigation, and is doing so pursuant to a state statutory obligation, does not establish particularized need. The appellant's allegations to that effect are incorrect.

**4.** *Illinois v. Widmar*, 1980–81 Trade Cases ¶ 63,771 (N.D.Ill.1981).