**In re GRAND JURY DISCLOSURE.**

**Crim. No. 80–00072–A–R**

United States District Court,
E.D. Virginia,
Richmond Division.

Nov. 8, 1982.

---

**1172**

Edward J. Barnes, Asst. Atty. Gen., Baltimore, Md., for Grand Jury.

## OPINION

WARRINER, District Judge.

This action was filed seeking disclosure of evidence obtained by Federal Grand Jury No. 80–1. Presently the Court has before it a petition by the Maryland Attorney General for disclosure of documents subpoenaed by the federal grand jury.

### I

Beginning in April 1980 the Office of the Maryland Attorney General instituted an investigation focusing on the possible criminal culpability in the receipt of Medicaid funds by a corporation or corporations operating in Maryland and in other States.[1] During this period the same or related corporate entities were being investigated by Federal Grand Jury No. 80–1 in Richmond, Virginia, for similar and related offenses thought to be centered in Virginia. The relationships between the targets of the two investigations soon became apparent to investigating officials.

In July 1980, a meeting was convened in Richmond, Virginia, at the office of the United States Attorney. Present at this meeting, among others, were the Assistant United States Attorney in charge of the case, representatives of the Maryland Attorney General, and representatives of the office of the Attorney General of Virginia, who was also engaged in a related investigation. At this meeting an agreement was reached between the Assistant United States Attorney and representatives of the Attorney General of Maryland that the Maryland Attorney General's office would assist the United States Attorney's office in Richmond to investigate the disbursement of funds from the Medicare and Medicaid programs to the target corporations to determine whether federal criminal laws had been violated. Pursuant to this investigation it was determined that documents should be subpoenaed by the federal grand jury for review and analysis. Subsequently numerous books and records of the target corporations were subpoenaed by the federal grand jury in Richmond.

On 11 August 1980 the United States moved the Court for disclosure of the federal grand jury proceedings to the Maryland Attorney General's office under Rule 6(e)(3)(C)(i) of the Federal Rules of Criminal Procedure. Rule 6(e)(3)(C)(i) permits disclosure of "matters occurring before the grand jury . . . when so directed by a court preliminarily to or in connection with a judicial proceeding." Fed.R.Crim.P. 6(e)(3)(C)(i). On 12 August 1980 the Court entered an order directing that the requested disclosure be made to the Maryland Attorney General's office.

---

1. This case file was placed under seal by Court order on 16 June 1982. Thus the names of the corporations and principals will not be revealed in this opinion.

However, on 16 January 1981 the Court vacated its 12 August 1980 disclosure order. The Court stated that in light of the standard for Rule 6(e)(3)(C)(i) disclosure established by the Supreme Court, *Douglas Oil Company v. Petrol Stops Northwest,* 441 U.S. 211, 229, 99 S.Ct. 1667, 1678, 60 L.Ed.2d 156 (1979), the "unsupported assertions of counsel" were insufficient to breach grand jury secrecy. The Court also noted that its 12 August 1980 order purportedly granted disclosure under Rule 6(e)(3)(C)(i), "in connection with a judicial proceeding," while the actual purpose of the order and the requested disclosure was to further the ends of Rule 6(e)(3)(A)(ii), "to assist . . . to enforce federal criminal law." Finally, the Court expressed the view that Rule 6(e) disclosure proceedings should not ordinarily be conducted *ex parte.*[2]

In an affidavit filed on 23 February 1981 the Assistant United States Attorney in charge of the case stated that grand jury documents were disclosed to the Maryland Attorney General on 24 November 1980, that the documents had remained in the custody of the Maryland Attorney General since 24 November 1980, and that "no grand jury information or documents have been utilized for State criminal . . . law purposes." Affid. of Elliot Norman at 2.

In a hearing on 24 February 1981 the Court ruled that the phrase "government personnel" in Rule 6(e)(3)(A)(ii) "did not include personnel of *any* government, but includes only the personnel of the United States government." 24 February 1981 Transcript at 7. Since the Court's ruling rendered the exception in Rule 6(e)(3)(A)(ii) unavailing to grant disclosure to the Maryland Attorney General, the Court directed that the United States physically take exclusive custody of all documents disclosed to the Maryland Attorney General under the prior order; the Court directed that no other persons be in custody of the documents for any purposes. *Id.* at 15.

Pursuant to the Court's ruling, the Assistant United States Attorney stated in a brief filed on 11 March 1981 that "[s]ince 24 February [1981] the United States Attorney has retained exclusive custody of the documents and they have not been used for any other purpose."

On 12 March 1981 the Court again held a hearing to consider the propriety of Rule 6(e) disclosure. The United States Attorney presented testimony to the Court, and the Court took the matter under advisement.

On 20 March 1981 the Court entered an order permitting representatives of the Maryland Attorney General to have access to grand jury testimony and to subpoenaed grand jury documents pursuant to Rule 6(e)(3)(A)(ii)[3] of the Federal Rules of Criminal Procedure.[4]

---

**2.** In an order entered on 20 March 1981 the Court stated that it had concluded this view was incorrect and ruled that "at a preindictment stage of an ongoing grand jury investigation" an adversarial hearing is not mandated by *Douglas Oil Company v. Petrol Stops Northwest,* 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979).

In this connection the Rhode Island District Court has adopted the rule that "an *ex parte* proceeding should be resorted to only when necessary to preserve grand jury secrecy. This secrecy will obviously not be threatened by giving notice and an opportunity to object to disclosure to the owners of documents held by the grand jury, inasmuch that these persons are already aware of both the documents' contents and the fact that such documents are being reviewed by the grand jury." *In Re Doe,* 537 F.Supp. 1038, 1042 (D.R.I.1982).

**3.** The Court mislabeled (as did the United States in its brief filed on 11 March 1981) the Rule 6(e)(3) exception under which disclosure was granted in its 20 March 1981 order. In its 20 March 1981 order, the Court stated that disclosure was granted pursuant to Rule 6(e)(3)(C)(i). In fact, disclosure was granted pursuant to Rule 6(e)(3)(A)(ii).

**4.** The Court granted disclosure on five conditions:

1. Any person to whom matters are disclosed under this Order shall not utilize that grand jury material for any purpose other than assisting the United States Attorney in the performance of his duty to enforce federal criminal law.

2. An Assistant United States Attorney shall promptly provide the . . . Court . . . with the names of the persons to whom such disclosure has been made.

Pursuant to the Court's order, on 8 June 1981 the Maryland Attorney General's office received approximately 100 boxes of grand jury material. On 28 August 1981, 61 of these boxes were returned to the United States Attorney in Richmond, Virginia.

The following year on 2 June 1982 the United States moved the Court to permit disclosure of grand jury material to the Maryland Attorney General. This time the motion was made explicitly pursuant to Rule 6(e)(3)(C)(i). The United States stated that disclosure had previously been ordered pursuant to Rule 6(e)(3)(A)(ii), referring to the Court's 20 March 1981 order,[5] and that during the course of its assistance in investigating and enforcing federal criminal law the Maryland Attorney General had "discovered evidence of numerous violations of Maryland law over which [the United States Attorney in Richmond] is without jurisdiction and/or venue." 2 June 1982 Motion at 1.

The Court denied the United States' motion in an opinion filed on 16 June 1982. The Court stated that the government had failed to show that the material was necessary to avoid a possible injustice or that the request was structured to include only specific material for which a showing of need had been made. In the absence of such a showing the Court stated that it was unable "to weigh the need for disclosure against the competing need for grand jury secrecy." 16 June 1982 Order at 2. The Court also noted its view that the phrase "preliminary to . . . a judicial proceeding" does not include, as a general matter, a criminal investigation. *Id.* In a separate order entered on 16 June 1982 the Court placed the case file under seal until further order of the Court.

Since the 16 June 1982 ruling was based on the insufficiency of the showing by the United States Attorney, the Maryland Attorney General filed his own petition for disclosure. This motion was also based on Rule 6(e)(3)(C)(i) since he sought grand jury documents for use in a Maryland grand jury investigation and prosecution to enforce the criminal laws of Maryland.

The accompanying affidavit of Edward J. Barnes, an Assistant Attorney General of Maryland, established that the Maryland Medicaid program is administered by the State within federal requirements and is funded jointly by the State and federal governments, and "that the United States Attorney's Office in Richmond, Virginia, now intends to proceed only on matters relating to corporate entities in Virginia, to the exclusion of any fraudulent activity in Maryland." Affid. of Barnes at 2, 4. Finally, the petition stated that the requested documents could not be obtained from any other source and that they were required for the State to proceed with its investigation and eventual prosecution in Maryland.

Having concluded that the petition might properly be submitted *ex parte,* but "[b]eing always wary of *ex parte* presentations the Court directed one of its law clerks to prepare [a] . . . legal brief responding to the issues presented in the petition for disclosure." 12 August 1982 Order at 1. The Court provided the Maryland Attorney General with the opportunity to file a brief in rebuttal.

On 19 August 1982 a motion for extension of time to respond to the law clerk's brief was filed on behalf of the Maryland Attorney General by an Assistant United States Attorney in Richmond, Virginia. The Court granted the motion and provided the Maryland Attorney General with an

---

3. No disclosure shall be made to other State authorities or personnel without further order of this Court.
4. A knowing violation of this Order shall be punished as a contempt of Court pursuant to Rule 6(e)(2).
5. Each person to whom disclosure is made shall be furnished a copy of this Order and Fed.R.Crim.P. 6(e).

Order 20 March 1981 at 4.

5. The United States Attorney understood the Court's 20 March 1981 order, in response to his own request, as granting disclosure pursuant to Rule 6(e)(3)(A)(ii). *See* n. 3.

additional 10 days to file a rebuttal brief. On 30 August 1982 the Maryland Attorney General filed its rebuttal brief.[6]

With the "adversarial" briefs before the Court, the petition for disclosure is now ripe for decision.

## II

The Maryland Attorney General has petitioned the Court for disclosure of documents subpoenaed by a federal grand jury; there is no request for any transcripts of grand jury testimony. Rule 6(e) of the Federal Rules of Criminal Procedure governs the disclosure of grand jury proceedings. Disclosure of "matters occurring before the grand jury" is prohibited unless specifically permitted by one of the exceptions set forth in Rule 6(e)(3). Fed.R. Crim.P. 6(e)(2).

The State Attorney General urges the Court to find that documents subpoenaed by a federal grand jury are not "matters occurring before the grand jury"; thus subpoenaed documents are "not subject to grand jury secrecy *unless* they reveal what occurred before the grand jury." Petition for Disclosure at 1 (emphasis original). The essence of petitioner's position is that a document is not a "matter occurring before the grand jury" unless disclosure of the contents of that document violates the secrecy of the grand jury proceedings.

Rule 6(e) of the Federal Rules of Criminal Procedure "confirms the long-established policy of maintaining the secrecy of grand jury proceedings." *United States v. Penrod*, 609 F.2d 1092, 1096 (4th Cir.1979). The purpose of Rule 6(e) is to safeguard federal grand jury proceedings.

> The State underrates the importance of and misconceives the reasons for the cloak of grand jury secrecy: Although several reasons exist, the one most pertinent to this case is the desire to create a

sanctuary, inviolate to *any* intrusion except on proof of some special and overriding need . . . .

*Texas v. United States Steel Corporation*, 546 F.2d 626, 629 (5th Cir.1977) (emphasis original). The "[s]ecrecy of Grand Jury Proceedings may not be violated either directly through inspection of the Grand Jury minutes . . . or indirectly by disclosure of the documentary evidence presented to it." *United States v. Stein*, 18 F.R.D. 17, 19 (S.D.N.Y.1955). *See In Re Grand Jury Matter*, 682 F.2d 61, 63 (3d Cir.1982) ("Both the direct and indirect disclosure of information are proscribed").

Disclosure of any document subpoenaed and reviewed by the grand jury constitutes at least indirect disclosure of "matters occurring before the grand jury" under Fed. R.Crim.P. 6(e). "Here, we may draw no narrow technical rule . . . , it seems obvious that the names of witnesses subpoenaed to testify, as well as documents subpoenaed and used by [the grand jury] in their deliberations, are matters 'occurring before the grand jury'". *In Re California*, 195 F.Supp. 37, 40 (E.D.Pa.1961). "[T]he court has found no convincing reason to apply different standards, or to accord different treatment, to subpoenaed documents and to transcripts of grand jury proceedings . . . ." *Grand Jury Investigation of Cuisinarts, Inc.*, 516 F.Supp. 1008, 1022, n. 17 (D.Conn.), *aff'd on other grounds*, 665 F.2d 24 (2d Cir.1981).

The Fourth Circuit reached the same conclusion in a different context in *United States v. Penrod*, 609 F.2d 1092 (4th Cir. 1979). In *Penrod* the defendant was convicted of knowingly filing a false tax return in violation of federal law. Before trial, the defendant moved to suppress documentary evidence which the government obtained from the defendant pursuant to a feder-

---

**6.** Though the Maryland Attorney General requested and was granted an extension of time to rebut the "complex and voluminous" brief prepared by the law clerk, 19 August 1982 Motion for Extension at 1, nothing in the State's rebuttal brief contradicted any substantive law presented in the law clerk's brief. In-

deed, in spite of ample opportunity to respond, all of the substantive law presented in the law clerk's brief was left unchallenged and uncontradicted by the Maryland Attorney General in his rebuttal brief. He relied solely on his opening brief with respect to the substantive law.

al grand jury's subpoena. The District Court denied the defendant's motion to suppress; after conviction the defendant appealed that ruling to the Fourth Circuit.

On appeal defendant alleged that disclosure of the subpoenaed documents by the United States Attorney in Richmond to the United States Attorney in the District of Columbia for use by the Internal Revenue Service violated Fed.R.Crim.P. 6(e); defendant also alleged that use of the subpoenaed documents at trial violated the Fifth Amendment.

The Fourth Circuit held that Rule 6(e) was not violated when a United States Attorney for the Eastern District of Virginia disclosed subpoenaed documents to the United States Attorney for the District of Columbia. See Fed.R.Crim.P. 6(e)(3)(A)(i). Further, the Fourth Circuit held that the defendant had waived the Fifth Amendment right against self-incrimination by voluntarily delivering the documents to the grand jury pursuant to the grand jury's subpoena.

The Fourth Circuit reasoned that the Fifth Amendment privilege must be invoked prior to testifying before the grand jury or prior to delivering subpoenaed documents to the grand jury. *United States v. Penrod,* 609 F.2d 1092, 1095–96 (4th Cir. 1979). In reaching its decision the Fourth Circuit stated clearly: "We can discern no difference between oral testimony given to a grand jury and documents presented to a grand jury pursuant to a subpoena." *Id.* at 1096.

This general rule that subpoenaed documents are "matters occurring before the grand jury" appears to be well established. In *Smith v. United States,* 423 U.S. 1303, 96 S.Ct. 2, 46 L.Ed.2d 9 (Douglas, Circuit Justice 1975), the Court granted an application for a stay pending appeal of a district court's grant of disclosure of grand jury files and records to a State prosecutor. The applicability of Rule 6(e) to the "files and records of the grand jury" was presupposed, *Id.* at 1304, 96 S.Ct. at 3, and certainly the "files and records of the grand jury" must have included subpoenaed documents.

The Fourth Circuit took the same approach, presupposing the applicability of Rule 6(e) to subpoenaed documents, in *In Re Grand Jury Subpoenas, April, 1978,* 581 F.2d 1103 (4th Cir.1978), *cert. denied,* 440 U.S. 971, 99 S.Ct. 1533, 59 L.Ed.2d 787 (1979). A corporation appealed a district court's order denying its motion to quash grand jury subpoenas which sought corporate documents and records. *Id.* at 1105. Alternatively, the corporation sought a writ of mandamus directing the district court to hold an evidentiary hearing into allegations of abuse of the grand jury process.

The Fourth Circuit dismissed the corporation's appeal for want of jurisdiction. As to the mandamus request, the Fourth Circuit noted "the well recognized principle that courts should not intervene in the grand jury process absent compelling reason." *Id.* at 1108.

However, the Fourth Circuit pointed out that judicial intervention may well be required if it were the only means of protecting the corporation from the alleged grand jury abuse.

> There is, however, a less drastic remedy in F.R.Crim.P. 6(e). The District Court made it clear that it considered Rule 6(e) to be adequate protection of petitioner's interests. We agree.

> Rule 6(e), as recently amended, provides generally that *materials secured by the grand jury* in the course of its investigation shall not be disclosed except as authorized in subsection [ (3) of Rule 6(e) ].

*Id.* at 1108–09 (emphasis added). The court used the phrase "materials secured by the grand jury" to refer directly to the subpoenaed documents. When the Fourth Circuit summarized that "petitioner's legitimate interests are fully protected by Rule 6(e)", *Id.* at 1110, the Fourth Circuit referred specifically to the corporation's interest in maintaining the secrecy of the documents subpoenaed by the grand jury. Quite clearly, in *In Re Grand Jury Subpoenas, April, 1978,* 581 F.2d 1103 (4th Cir.1978), *cert. denied,* 440 U.S. 971, 99 S.Ct. 1533, 59 L.Ed.2d 787 (1979), the Fourth Circuit acknowledged the

applicability of Rule 6(e) to documents subpoenaed by a federal grand jury and not just to the transcript of testimony before a grand jury.

■ The Court concludes, therefore, that Rule 6(e) is applicable to subpoenaed documents. Documents subpoenaed by the grand jury are squarely within the cloak of grand jury secrecy. *Matter of Grand Jury,* 469 F.Supp. 666, 671 (M.D.Pa.1978). The language of Rule 6(e), the traditional policy of grand jury secrecy, and the case law all require that documents subpoenaed by a federal grand jury be protected from disclosure except as provided by Rule 6(e).

Even if the Court were to adopt the standard urged by the Maryland Attorney General, that subpoenaed documents are "matters occurring before the grand jury" only when the subpoenaed documents "reveal what occurred before the grand jury", Petition for Disclosure at 1, the disclosure request would fail because the State Attorney General cannot fit its voluminous request for subpoenaed documents within this definition.

First, the petitioner has failed to explain why some subpoenaed documents are "matters occurring before the grand jury", while other subpoenaed documents are not. The reason for this failure is clear: there is no inherent or analytic difference between subpoenaed document X and subpoenaed document Y for the purposes of Rule 6(e).

Petitioner urges that the Court conduct an in camera inquiry as to whether a subpoenaed document will "reveal what occurred before the grand jury"; this standard is urged as the yardstick by which the applicability of Rule 6(e) to subpoenaed documents is to be measured. Such an inquiry would be bootless.[7] Every subpoenaed document reviewed by the grand jury will reveal, to some extent, what occurred before the grand jury. At the very least, information on the direction of the grand jury's investigation or perhaps the names of persons involved in the grand jury's investigation will be apparent.

The question then becomes whether that which the subpoenaed document reveals about the grand jury investigation may be disclosed under Rule 6(e)(3)(C)(i): that is, whether the need for grand jury secrecy is outweighed by the compelling and particular necessity for the subpoenaed documents' disclosure. This is an entirely different inquiry than whether Rule 6(e) is applicable at all to subpoenaed documents.

While documents as well as testimony fall within Rule 6(e)'s prohibition against disclosing "matters occurring before the grand jury" the [documents] may be subject to less exacting scrutiny and more readily disclosed .... This disparity, however, arises *not* from the application of a different standard but from the results produced *by applying the same standard to different types of evidence.* It is not surprising that the disclosure of certain documents, as opposed to grand jury transcripts, might be considered less damaging to the secrecy of a particular proceeding and less threatening to the efficacy of future investigations. On the other hand, the disclosure of transcripts, *but not documents,* might be appropriate in a given case if the requisite need could be shown for one but not the other.

*Index Fund, Inc. v. Hagopian,* 512 F.Supp. 1122, 1128 (S.D.N.Y.1981) (emphasis added).

Thus, the analysis the petitioner urges the Court to conduct to determine the applicability of Rule 6(e) to subpoenaed documents is misplaced. The proper matrix for the analysis urged by petitioner is the Rule 6(e)(3)(C)(i) exception which inquires whether the petitioner has established a "compelling need" with "particularity" sufficient to overcome the need for grand jury secrecy in the case. See *United States v. Proctor & Gamble Co.,* 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958). See *Douglas Oil Company v. Petrol Stops Northwest,* 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979).

---

**7.** Realistically, the Court should not and generally does not know what "occurred before a grand jury" and is therefore in no position to discern.

Further, the rule urged by petitioner is impracticable where the disclosure request is for voluminous subpoenaed documents constituting nearly 40 boxes of materials. It is unrealistic to expect the Court to examine each one of the subpoenaed documents to determine whether any or all of the documents reveal in part what occurred before the grand jury.

Finally, if the Court were to consider the disclosure request for the subpoenaed documents under the petitioner's test for the applicability of Rule 6(e), the Court would deny the request. It is inconceivable that the disclosure of nearly 40 boxes of subpoenaed documents would not reveal what occurred before the grand jury. Indeed, it is likely that the disclosure of 40 boxes of subpoenaed documents would reveal all about the focus and scope of the grand jury investigation.

The Court concludes, then, that Rule 6(e) is applicable to subpoenaed documents and, alternatively, that since this disclosure request would reveal what occurred before the grand jury, Rule 6(e) secrecy is applicable in this case.

### III

Since Rule 6(e) is clearly applicable to petitioner's request for subpoenaed documents, the Court must next determine whether one of the four narrow exceptions to Rule 6(e)(3)'s general prohibition against disclosure has been satisfied. Fed.R. Crim.P. 6(e)(3). The only exception under which petitioner's request for disclosure could be granted is Rule 6(e)(3)(C)(i) which permits "[d]isclosure otherwise prohibited by this rule of matters occurring before the grand jury ... when so directed by a court preliminarily to or in connection with a judicial proceeding." Fed.R.Crim.P. 6(e)(3)(C)(i). Thus, the initial inquiry under Rule 6(e)(3)(C)(i) is whether the State grand jury investigation is "preliminarily to or in connection with a judicial proceeding."

The Fourth Circuit has not addressed the question whether the probability of an ensuing State criminal trial following a State grand jury proceeding satisfies the Rule

6(e)(3)(C)(i) exception described in the phrase, "preliminarily to or in connection with a judicial proceeding." However, a number of other courts have addressed the issue and have concluded that a State grand jury investigation presumptively preceding a State criminal trial satisfies Rule 6(e)(3)(C)(i).

In *In Re Petition for Disclosure of Evidence,* 184 F.Supp. 38, 41 (E.D.Va.1960), the court held that "the Commonwealth Attorney's employment of the evidence would be an aid of ... the State grand jury's inquest.... This would satisfy the Rule's stipulation that the production be 'preliminarily to or in connection with a judicial proceeding.'" *See Matter of Disclosure of Testimony,* 580 F.2d 281, 285–86 (8th Cir. 1978) ("the procedure for prosecuting violators of criminal laws ... [was] designed to culminate in a judicial proceeding and, therefore, ... [was] 'preliminarily to or in connection with a judicial proceeding'").

In *In Re Disclosure of Evidence,* 650 F.2d 599, 601 (5th Cir.), *modified,* 662 F.2d 362 (1981), the Fifth Circuit stated that "Fed.R. Crim.P. Rule 6(e)(3)(C)(i) authorizes disclosure of matters occurring before a grand jury when so directed by a court preliminary to or in connection with a judicial proceeding. Disclosures to a State grand jury are encompassed by this rule."

The Third Circuit reached the same conclusion in *In Re Grand Jury Matter,* 682 F.2d 61, 65 (3d Cir.1982):

Obviously [Rule 6(e)(3)(C)(i) ] is the relevant exemption. The planned state investigation based on the grand jury transcripts may result in a state criminal prosecution in a state court. The disclosure of information is therefore "preliminary to ... a judicial proceeding". [Petitioner] argues that since the state investigation may not result in criminal prosecution, the likelihood of future judicial proceedings is "too embryonic, speculative, and uncertain to firmly say that it is 'preliminary to' a judicial proceeding ..." In the case before us, the state investigation immediately precedes the possible criminal prosecution. The prose-

cutorial discretion to refrain ultimately from making a charge is not the type of contingency which renders the likelihood of future judicial proceedings too embryonic to provide the predicate for a disclosure under Rule 6(e)(3)(C)(i).

This Court concludes, then, that a State grand jury investigation is "preliminarily to or in connection with a judicial proceeding" under Rule 6(e)(3)(C)(i) of the Federal Rules of Criminal Procedure.[8] The Attorney General, then, meets this test.

### IV

In addition to showing that the disclosure request is "preliminarily to or in connection with a judicial proceeding", the party seeking Rule 6(e)(3)(C)(i) disclosure must establish a compelling and particular need for the requested disclosure.

In *United States v. Procter & Gamble Co.,* 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958), the Supreme Court firmly established the requirements for disclosure of grand jury materials pursuant to Rule 6(e):

> [The] "indispensable secrecy of grand jury proceedings" ... must not be broken *except where there is a compelling necessity.* There are instances when that need will outweigh the countervailing policy. But they must be shown *with particularity.*

*Id.* (emphasis added). In *Procter & Gamble* disclosure was denied even though "[t]he relevancy and usefulness of the testimony sought were, of course, sufficiently established." *Id.* The Fourth Circuit expressly recognized the Procter & Gamble standard as still valid in *Bast v. United States,* 542 F.2d 893, 894 (4th Cir.1976).

The Supreme Court's most recent statement on "the standard for determining when the traditional secrecy of the grand jury may be broken" is found in *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979):

Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only materials so needed. Such a showing must be made even when the grand jury whose transcripts are sought has concluded its operations.... For in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries.

At the same time the Court noted "that as the considerations justifying secrecy become less relevant, the party asserting a need for grand jury transcripts will have a lesser burden in showing justification." *Id.*

The Maryland Attorney General argues that the prerequisite of showing "compelling necessity" and "particularized need" is inapplicable to a State Attorney General or, at least, that a reduced standard is required when the party seeking disclosure is a State Attorney General. Petition for Disclosure at 5.

Petitioner states that the "Courts have applied a reduced standard when a government agency is seeking the grand jury material as opposed to private litigants." *Id.* However, this statement is true only when a *federal* government agency is seeking grand jury materials pursuant to Rule 6(e)(3)(A)(i) or Rule 6(e)(3)(A)(ii). These two exceptions are specifically tailored to facilitate federal enforcement of federal criminal law and are inapplicable in any way to the enforcement of State law. Whether there *should* be a difference in the standard is not a question for the Court.

Petitioner is not seeking disclosure to further the enforcement of federal law but instead he seeks disclosure pursuant to Rule

---

**8.** If the Court were writing on a clean slate, the Court would be inclined to reach a contrary conclusion. However, being mindful of the benefits of certainty in the law, the Court adheres to the rule uniformly applied by other courts.

6(e)(3)(C)(i). Petitioner must establish both "compelling necessity" and "particular need" as those terms have been defined by the Supreme Court. *See Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979). Nothing in the language of Rule 6(e)(3)(C)(i) or in any Supreme Court decision relieves a State Attorney General of this required showing.

The Maryland Attorney General relies on the Fourth Circuit's decision in *United States v. Colonial Chevrolet Corp.,* 629 F.2d 943 (4th Cir.1980), *cert. denied,* 450 U.S. 913, 101 S.Ct. 1352, 67 L.Ed.2d 337 (1981),[9] to argue that a State Attorney General seeking disclosure pursuant to Rule 6(e)(3)(C)(i) need not establish a particularized need for the disclosure.

In *Colonial Chevrolet,* the Fourth Circuit addressed a question of statutory interpretation. At issue was not Rule 6(e) but 15 U.S.C. § 15f(b) of the antitrust laws. Adopted as the Hart-Scott-Rodino Antitrust Improvements Act of 1976, the statute provided that after a successful federal antitrust prosecution the "investigative files" of the United States Attorney General may be disclosed to a State Attorney General "to the extent permitted by law." 15 U.S.C. § 15f(b).

The Fourth Circuit held that Congress intended "investigative files" to include grand jury materials, and that, in spite of the language "to the extent permitted by law", the statute had relieved a State Attorney General "of the initial burden of showing a 'particularized need'" as required by Fed.R.Crim.P. 6(e). 629 F.2d at 951. The Fourth Circuit concluded that applying the requirements of Rule 6(e) to the phrase "to the extent permitted by law" would be contrary to the purpose of the statute, which specifically created a new *parens patriae* cause of action for State attorneys general. The Fourth Circuit also held that such a construction would be contrary to the legislative history of the statute.

The Fourth Circuit emphasized the limited nature of its holding:

> In reaching this conclusion we would not be understood as holding that a State Attorney General has, *under the statute,* an absolute right to disclosure. We hold only that, first, grand jury materials are "investigative files" within the intent of § 15f(b), 15 U.S.C., and, secondly, that the State Attorney General, in his *parens patriae* capacity has been *relieved by Congress* of the initial burden of showing a "particularized need" as a basis for a grant of disclosure, and that the burden of opposing disclosure in such a situation rests on those who would deny disclosure.

*United States v. Colonial Chevrolet Corp.,* 629 F.2d 943, 951 (4th Cir.1980), *cert. denied,* 450 U.S. 913, 101 S.Ct. 1352, 67 L.Ed.2d 337 (1981) (emphasis added).

In the instant case, the State Attorney General seeks to enforce State criminal laws, not the federal antitrust laws. He is proceeding here under the Rule, not under the statute. Indeed the statute is inapplicable. Therefore, the holding in *Colonial Chevrolet, supra,* is inapplicable.

Petitioner has pointed to no act of Congress which relieves a State Attorney General of the required showing of "compelling necessity" and "particularized need" otherwise required by Rule 6(e). Indeed, there is none; Congress has not relieved State attorneys general of the strict requirements of Rule 6(e)(3)(C)(i). The Court declines petitioner's invitation to create an exception to the requirements of Rule 6(e)(3)(C)(i) for State attorneys general.

The courts have uniformly applied the same standard to State prosecutors seeking disclosure under Rule 6(e)(3)(C)(i) as to any other party: *Every* party seeking disclosure must establish a "compelling and particularized need" for the disclosure which outweighs the need for continued grand jury secrecy. So well established is this rule

---

**9.** Petitioner also relies on *United States v. B.F. Goodrich Co.,* 619 F.2d 798 (9th Cir.1980). In *Goodrich,* the Ninth Circuit addressed the same question of statutory interpretation as did the Fourth Circuit in *Colonial Chevrolet, supra.*

that its applicability to State prosecutors is rarely challenged.

Thus, in *Smith v. United States,* 423 U.S. 1303, 1304, 96 S.Ct. 2, 3, 46 L.Ed.2d 9 (Douglas, Circuit Justice 1975), the Court, granting a stay of a disclosure order pending appeal, summarized that Rule 6(e)(3)(C)(i) has been interpreted "to require a showing of 'particularized need' or 'compelling necessity' .... It is a substantial question whether the need cited by the *State prosecutor* in this case is great enough to justify breach of the grand jury's deliberations." [10] Clearly, the Court presupposed the applicability of Rule 6(e)(3)(C)(i) to the State prosecutor.

In *In Re Disclosure of Evidence,* 650 F.2d 599, 600 (5th Cir.), *modified,* 662 F.2d 362 (1981), the Fifth Circuit held that disclosure of federal grand jury material to a State District Attorney for use by a State grand jury was encompassed by Rule 6(e)(3)(C)(i). However, only "upon a showing of 'particularized need' and 'compelling necessity' [may] disclosure ... be permitted." *Id.,* quoting *United States v. Procter & Gamble Co.,* 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958). "These requirements must be satisfied [by the State prosecutor] even though the grand jury whose materials are sought has concluded its operations." *Id.,* quoting *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979). The Court applied these standards to deny disclosure of federal grand jury materials to the State prosecutor:

Disclosure of federal grand jury evidence and testimony to a State District Attorney as a convenience to aid in the investigation of State criminal violations does not meet the particularized need standard.

*Id.* at 602. *See In Re Grand Jury Proceedings,* 483 F.Supp. 422, 424 (E.D.Pa.1979)

(disclosure to a State Assistant Attorney General denied for failure to establish "particular need" and "compelling necessity"). *See also In Re Grand Jury Matter,* 516 F.Supp. 27, 28 (E.D.Pa.1981) ("Disclosure [to the County Attorney] ... might be appropriate upon showing of particularized need and compelling necessity").

In another Fifth Circuit case, *Texas v. United States Steel Corp.,* 546 F.2d 626, 628 (5th Cir.1977), the question presented was "whether the State of Texas must show a particularized need to obtain the grand jury documents ...." Texas did not question the general applicability of the Rule 6(e)(3)(C)(i) requirements for disclosure; instead, "the State attempts to avoid the requirement of a showing of particularized need, a requirement that it admits would apply in the case of an individual witness, by the claim that disclosure to the corporate [party] defendants has already breached grand jury secrecy." *Id.* at 630. The Fifth Circuit disagreed and denied disclosure because the State had not established "compelling necessity" and "particularized need". *Id.*

Recently, the question whether a State prosecutor must satisfy the requirements of Rule 6(e)(3)(C)(i) was addressed by the Second Circuit in *In Re Rosahn,* 671 F.2d 690, 695 (2d Cir.1982):

The simple and conclusive answer is that secret grand jury materials may not be turned over to anyone, *even state law enforcement officials,* absent a court order, which may be granted only on a "showing of compelling and particularized need."

*Id.* (emphasis added).

Clearly, for purposes of federal law expressed in Rule 6(e)(3)(C)(i) of the Federal Rules of Criminal Procedure, a State Attorney General is like any other party seeking disclosure of federal grand jury materials.

10. The use by Justice Douglas of the disjunctive "or" is incorrect. The requirements for disclosure under Rule 6(e)(3)(C)(i) established by the Supreme Court in *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979) and in *United States v. Procter & Gamble Co.,* 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958) were stated in the conjunctive. The lower courts have also applied a conjunctive standard. See *In Re Grand Jury Proceedings,* 483 F.Supp. 422, 425 (E.D.Pa.1979). Petitioner's brief recognizes the conjunctive standard. See Petition for Disclosure at 5.

*See In Re Grand Jury Matter,* 682 F.2d 61, 66 (3d Cir.1982) (under "the Rule 6(e)(3)(C)(i) exception ... the burden is on the [State] District Attorney to show particularized need for the grand jury transcripts").

Petitioner has pointed to no case where a State Attorney General has been exempted from the requirements of Rule 6(e)(3)(C)(i) nor to any case where a State Attorney General is permitted the benefit of a reduced standard under Rule 6(e)(3)(C)(i).

In essence, the Maryland Attorney General has asked the Court to re-write Rule 6(e)(3)(C)(i). Yet:

> Congress specifically required that, before a court order can properly issue, a "compelling", "particularized need" for the grand jury material in connection with a judicial proceeding must be established. Sen.Rep. No. 95–354, 95th Cong. 1st Sess. at 8 n. 13, 95 U.S.Code Cong. & Ad.News 1977, p. 1482 n. 13 (1977), citing *United States v. Procter & Gamble,* 356 U.S. 677, 683–684 [78 S.Ct. 983, 986, 2 L.Ed.2d 1077] (1958). Not only has Congress retained that standard for Rule 6(e) but no decision by the Supreme Court to date casts doubts on its vitality.

*In Re Grand Jury Proceedings,* 445 F.Supp. 349, 349 (D.R.I.), *appeal dismissed,* 580 F.2d 13 (1978). In light of the expressed intent of Congress embodied in Rule 6(e)(3)(C)(i) and the Supreme Court's decisions, the Court must reject petitioner's proposed preferential treatment for State attorneys general. Again, the Court does not decide the wisdom of such a preference. The Court merely declares the law.

### V

It having been established that particularized need and compelling necessity must be shown, the question presents itself: Has the Maryland Attorney General made such a showing?

■ The "compelling necessity" and "particularized need" requirements were elaborated in *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979). A party seeking disclosure of grand jury materials "under Rule 6(e) must show [1] that the material they seek is needed to avoid a possible injustice in another judicial proceeding, [2] that the need for disclosure is greater than the need for continued secrecy, and [3] that their request is structured to cover only materials so needed." Id. All three requirements must be satisfied before disclosure is proper under Rule 6(e)(3)(C)(i).

### A

First, before disclosure is proper, petitioner must establish that "the material they seek is needed to avoid a possible injustice in another judicial proceeding", *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979). Petitioner has stated that "a possible injustice in another judicial proceeding", the State criminal trial, will result unless the Court orders disclosure of the subpoenaed grand jury documents. Petitioner urges the Court to order disclosure because the public interest "of protecting the integrity of the Medicaid Program will be frustrated [without the requested disclosure] ... [since] any federal prosecution arising out of the grand jury investigation in Virginia will not now encompass the violations in Maryland." Petition for Disclosure at 6.

The law imposes the burden of establishing need under Rule 6(e)(3)(C)(i) upon petitioner; it is a heavy burden. Conclusory allegations that the public interest will be promoted do not establish that a "possible injustice in another judicial proceeding" will result unless the subpoenaed documents are disclosed. In *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 228–229, 99 S.Ct. 1667, 1677, 60 L.Ed.2d 156 (1979), the Supreme Court found that the District Court "abused its discretion" when it "based its decision [to grant disclosure] largely upon the unsupported assertions of counsel ...." *Id.* at 228–29, 99 S.Ct. at 1677.

The Court has before it nothing more than the "unsupported assertions of counsel" that a possible injustice in the State

criminal trial will result unless disclosure of the subpoenaed documents is granted. Indeed, it cannot properly be said that the assertion is that a possible injustice will occur in another judicial proceeding. Petitioner, in truth, asserts that without the secret grand jury documents there will be no other judicial proceeding, and, hence, an injustice will result. This is not what is contemplated by Rule 6(e). The "compelling and particular need" requirement demands more than the mere showing that the secret documents are needed to ensure the return of an indictment. Otherwise, petitioner's argument would be true in every like case, and Rule 6(e) secrecy would be a fiction. Such a showing, then, is insufficient to establish that the subpoenaed documents are "needed to avoid a possible injustice in another judicial proceeding" under *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979).

### B

Second, petitioner has the burden of establishing "that the need for disclosure is greater than the need for continued secrecy". *Id.* at 222, 99 S.Ct. at 1674. "This compelling necessity must be demonstrated by establishing a 'particularized need' rather than a general one." *United States v. Short,* 671 F.2d 178, 184 (6th Cir.1982).

"One important reason for [the] desire to maintain secrecy is 'to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes'." *United States v. Penrod,* 609 F.2d 1092, 1096 (4th Cir.1979), quoting *United States v. Johnson,* 337 F.2d 180, 197, n. 25 (4th Cir.1964).

> The encouragement of full and frank testimony, *and the cooperation of persons possessing relevant documents,* are important interests that should not be subordinated in the absence of a showing of particularized need.

*Index Fund v. Hagopian,* 512 F.Supp. 1122, 1127 (S.D.N.Y.1981) (emphasis added).[11]

This need for grand jury secrecy continues after the grand jury has concluded its operations. In *United States v. Sobotka,* 623 F.2d 764, 767 (2d Cir.1980), the court noted: "In fact in *Douglas Oil Co.* the Court reversed disclosure of grand jury material, even though the grand jury had terminated its proceeding some four years before." *Id.*

Even if the grand jury had been terminated so long that there were no need for continued secrecy, the requirements for Rule 6(e)(3)(C)(i) disclosure would not be satisfied. "Furthermore, and most importantly, to establish that there is no need to maintain the secrecy of grand jury testimony is not to establish that 'particularized need' exists." *United States v. Bringer,* 390 F.Supp. 1187, 1190 (E.D.Wis.1975).

In any event, the Maryland Attorney General has failed to establish that its need for disclosure is greater than the need for continued grand jury secrecy in this case. Petitioner's showing amounts to nothing more than the "unsupported assertions of counsel", *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 229, 99 S.Ct. 1667, 1678, 60 L.Ed.2d 156 (1979). "The Commonwealth has offered conclusory allegations that the material is necessary for an ongoing investigation and, without valid reason or explanation, alleged that the materials could not be obtained in another way." *In Re Grand Jury Proceedings,* 483 F.Supp. 422, 424 (E.D.Pa.1979). Such conclusory allegations are insufficient to justify disclosure under Rule 6(e)(3)(C)(i).

Maryland has made no showing that the materials are "not otherwise obtainable", Petition for Disclosure at 6, from a source other than the federal grand jury.

While it may be true that information presented in the federal proceedings is essential to avoid injustice in the state proceedings, it has not been shown that

---

11. One court has noted that among the interests in continued grand jury secrecy is "the prevention of misuse of the federal grand jury to enforce laws other than federal criminal stat-

utes." *In Re Doe,* 537 F.Supp. 1038, 1042 n. 4 (D.R.I.1982), *citing In Re Grand Jury Proceedings,* 445 F.Supp. 349, 350 (D.R.I.), *appeal dismissed,* 580 F.2d 13 (1st Cir.1978).

disclosure of the federal grand jury material is the only means by which the information can be obtained. Disclosure of federal grand jury evidence and testimony to a state district attorney is as a convenience to aid in the investigation of state criminal violations does not meet the particularized need standard.

*In Re Disclosure of Evidence,* 650 F.2d 599, 601–02 (5th Cir.), *modified,* 662 F.2d 362 (1981).

"Disclosure should not readily be ordered if '[n]o showing has been made that the usual channels of discovery have proved fruitless or have even been diligently pursued.'" *Index Fund v. Hagopian,* 512 F.Supp. 1122, 1127 (1981). *Cf. United States v. White Ready-Mix Concrete Co.,* 509 F.Supp. 747, 749 (N.D.Ohio 1981) ("this failure to follow the traditional discovery route belies petitioner's claim of compelling necessity for disclosure of the transcripts").

> Movant, however, states only that the material is relevant to his investigation, that delay in production "would threaten to cause injustice," and, in conclusory fashion, that it is "necessary." *There is no explanation why movant cannot otherwise obtain the desired material.* Movant's statements as made here could equally well accompany any state request for disclosure.

*In Re Grand Jury Matter,* 516 F.Supp. 27, 28 (E.D.Pa.1981) (emphasis added).

As one court emphasized, the State Attorney General can satisfy its needs "by invoking State compulsive process, rather than by intruding on federal grand jury materials. Access to grand jury information cannot be had merely for the convenience of the State investigation." *In Re Grand Jury Matter,* 682 F.2d 61, 66 (3d Cir.1982).

The Court concludes, then, that petitioner's conclusory allegations and unsupported assertions fall far short of satisfying petitioner's burden to show that the need for disclosure is greater than the need for continued secrecy.

## C

Finally, petitioner has the burden of showing "that their request is structured to cover only material so needed." *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979). Similarly, the Fourth Circuit had stated that "[w]here it becomes necessary to breach the secrecy of [grand jury] proceedings, it should be done discreetly and limitedly." *Bast v. United States,* 542 F.2d 893, 896 (4th Cir.1976), citing *United States v. Johnson,* 337 F.2d 180, 197 (4th Cir.1964).

The Maryland Attorney General's request is neither discreet nor limited. Petitioner requests approximately 40 per cent of all the documents subpoenaed by the federal grand jury. Bulk alone would not militate against a finding that the request was structured and limited, but it is a factor. Here there is little differentiation, no individualized justification, no effort to fit the specific document sought to a specific investigative (or grand jury) need. That petitioner is able to provide the Court with a list of the categories of documents sought does not make the request structured within the meaning of *Douglas Oil,* and the request must be denied on this ground as well.

This discussion of the need for a structured, limited, and discreet request brings up a troubling factor not necessarily presented in this case but surely implicated within its framework. One reason for this third prong of the test in *Douglas Oil Co. v. Petrol Stops Northwest, supra,* is to prevent massive disclosures of grand jury information to a party who first obtains disclosure, as here, under Rule 6(e)(3)(A)(ii) to assist in the federal investigation and prosecution, and then uses the disclosed information to prepare a disclosure request under Rule 6(e)(3)(C)(i). Such maneuvering would violate the terms of Rule 6(e)(3)(A)(ii) disclosure, which prohibits use of "that grand jury material for any purpose other than assisting the attorney for the government in the performance of such attorney's duty to enforce federal criminal law." Fed.R. Crim.P. 6(e)(3)(B). The law's concern to

avoid such a possibility resulted in the requirement that a Rule 6(e)(3)(C)(i) request be structured to establish an articulable, specific, and compelling need. Such a showing has not been made in this case.

### VI

The Supreme Court elaborated the three requirements for disclosure of grand jury materials under Rule 6(e) in *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979); all three requirements must be satisfied before a court may grant disclosure. Since the Maryland Attorney General has satisfied none of the three requirements for disclosure, the petition for disclosure will be DENIED.

An appropriate order shall issue.