**In the Matter of the MAY 18, 1981 GRAND JURY.**

**No. 84 C 4495.**

United States District Court, E.D. New York.

Feb. 19, 1985.

---

Elizabeth Holtzman, Dist. Atty. Kings County, Brooklyn, N.Y. (Laura Drager, Michael Halberstam, Asst. Dist. Attys., Brooklyn, N.Y., of counsel).

Raymond J. Dearie, U.S. Atty., Brooklyn, N.Y. (Gregory J. Wallance, Asst. U.S. Atty., Brooklyn, N.Y., of counsel).

Paul, Weiss, Rifkind, Wharton & Garrison, New York City (Arthur L. Liman, Colleen McMahon, New York City, of counsel), for Charles E. Schumer.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

The United States Attorney and the Kings County District Attorney move pursuant to Rule 6(e)(3)(C)(i) of the Federal Rules of Criminal Procedure for an order allowing disclosure of certain federal grand jury testimony to the District Attorney. Congressman Charles E. Schumer, the subject of the grand jury investigation, opposes the motion.

All papers on the motion have been sealed. To the extent that facts in the record are mentioned in this opinion and have been published in New York State Court opinions, *Schumer v. Holtzman*, 94 A.D.2d 516, 465 N.Y.S.2d 522 (2d Dep't), *aff'd as modified*, 60 N.Y.2d 46, 454 N.E.2d 522, 467 N.Y.S.2d 182 (1983), the papers are deemed unsealed. The court does not use pseudonyms since the state court opinions name the parties and describe the pertinent facts. *Cf. In the Matter of Frank Kitchen*, 706 F.2d 1266, 1268 n. 1 (2d Cir.1983).

In 1981 and 1982 the United States Attorney's Office conducted a grand jury investigation into Schumer's conduct of his successful 1980 congressional campaign while he was a New York State Assemblyman. The inquiry focused on whether Schumer had engaged in criminally fraudulent conduct by permitting members of his Assembly staff to work on his congressional campaign while on the state payroll.

Following the investigation the United States Attorney recommended that Schumer be prosecuted. On January 17, 1983 the Justice Department closed the matter stating that it "is not appropriate for federal prosecution."

The Kings County District Attorney then commenced an investigation of Schumer's conduct. The United States Attorney turned over to her witness interview notes made prior to any testimony before the federal grand jury. Members of her office interviewed a number of the witnesses. The state inquiry is still active, but a state grand jury has not been empanelled.

On reviewing the District Attorney's notes, the United States Attorney gave her his office's opinion that the state investigation did not reveal a complete and accurate picture of the events of 1980. This motion followed to permit the state investigators to have access to the grand jury testimony. The United States Justice Department supports the motion.

The United States Attorney asserts that there are discrepancies between the grand jury testimony and the notes of the state interviews of the witnesses. The court assumes, without deciding, that material discrepancies do exist.

## I

The grand jury is said to serve two functions, to uncover crimes deserving of prosecution and to protect the innocent by screening out charges not warranting prosecution. *United States v. Sells Engineering, Inc.*, 463 U.S. 418, ——, 103 S.Ct. 3133, 3137–38, 77 L.Ed.2d 743 (1983). The prohibition of Federal Rule of Criminal Procedure 6(e)(2) against disclosure of grand jury matters by, among others, a government attorney serves to promote these two ends. *Id.; United States v. Procter & Gamble Co.*, 356 U.S. 677, 681–82, 78 S.Ct. 983, 985–86, 2 L.Ed.2d 1077 (1958).

"First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule."

*Sells, supra*, 463 U.S. at ——, 103 S.Ct. at 3138 (1983) quoting *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 219, 99 S.Ct. 1667, 1673, 60 L.Ed.2d 156 (1979) (footnotes and citation omitted).

■ But the secrecy of grand jury proceedings is not absolute. The Rule makes exceptions. Among them is the circumstance where a court directs disclosure "preliminarily to or in connection with a judicial proceeding." Rule 6(e)(3)(C)(i). To come within this exception the moving parties must show that the proposed uses of the grand jury material are related fairly directly to some identifiable litigation, pending or anticipated. *United States v. Baggot*, 463 U.S. 476, ——, 103 S.Ct. 3164, 3167, 77 L.Ed.2d 785 (1983).

■ The movants must also demonstrate a particularized need for the material. The Rule does not mention this standard, but it has been established by the Supreme Court.

We have consistently construed the Rule ... to require a strong showing of particularized need for grand jury materials before any disclosure will be permitted.... We described the standard in detail in *Douglas Oil:*

"Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed....

"It is clear from *Procter & Gamble* and *Dennis* that disclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and that the burden of demonstrating this balance rests upon the private party seeking disclosure. It is equally clear that as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification. In sum, ... the court's duty in a case of this kind is to weigh carefully the competing interests in light of the relevant circumstances and the standards announced by this Court. And if disclosure is ordered, the court may include protective limitations on the use of the disclosed material...."

*Sells, supra*, 463 U.S. at ——, 103 S.Ct. at 3148.

The same standard of particularized need applies when government officials—federal or state—seek disclosure under this exception. *Illinois v. Abbott & Associates, Inc.*, 460 U.S. 557, 572–73, & nn. 14–16, 103 S.Ct. 1356, 1364, & nn. 14–16, 75 L.Ed.2d 281 (1983); *In re: Grand Jury Investigation of Cuisinarts, Inc.*, 665 F.2d 24, 36 (2d

Cir.1981), *cert. denied*, 460 U.S. 1068, 103 S.Ct. 1520, 75 L.Ed.2d 945 (1983).

## II

The District Attorney contends that the state investigation is preliminary to a "judicial proceeding." She argues that a state grand jury proceeding is a judicial proceeding and the state investigation is clearly preliminary to such a proceeding, and that in any event she herself may commence a criminal case by filing a complaint. Schumer urges that the grand jury does not engage in a judicial proceeding but merely in activities preliminary to one and that thus the state investigation is merely preliminary to a preliminary proceeding.

■ In the *Baggot* case, the Supreme Court left open the "knotty question" of what sorts of proceedings, other than routine civil actions or criminal proceedings, might qualify as judicial proceedings. 463 U.S. at ——, 103 S.Ct. at 3166 n. 2. This court need not decide whether state grand jury proceedings are "judicial." Assuming the state investigation is preliminary to a judicial proceeding, the court concludes that the movants have not shown that the need for the testimony outweighs the interest in grand jury secrecy.

## III

■ The public interest in the secrecy of what occurs before a grand jury varies depending on the stage of the investigation. Once a grand jury has terminated its inquiry most of the ends served by secrecy have been met. *See, e.g., United States v. Moten*, 582 F.2d 654, 663 (2d Cir.1978). However, two remain. *See In re Petition to Inspect and Copy Grand Jury Materials*, 576 F.Supp. 1275, 1281–82 (S.D.Fla. 1983), *aff'd*, 735 F.2d 1261 (11th Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 254, 83 L.Ed.2d 191 (1984).

■ First, disclosure may expose a target who has not been indicted to public ridicule or disrepute. *See In re Grand Jury Investigation of Cuisinarts, supra*, 665 F.2d at 33 and cases cited. Secrecy protects the innocent as well as facilitates pursuit of the guilty. *United States v. Johnson*, 319 U.S. 503, 513, 63 S.Ct. 1233, 1238, 87 L.Ed. 1546 (1943). Although the fact that Schumer was the subject of federal investigation has been made public, his interest in preserving the secrecy of the grand jury testimony survives. *See In re Petition to Inspect Grand Jury Materials, supra*, 576 F.Supp. at 1282.

■ Second, the court must consider the effect of disclosure not only on a particular grand jury, but also on the functioning of future grand juries. *Douglas Oil, supra*, 441 U.S. at 222, 99 S.Ct. at 1674; *see United States v. Sobotka*, 623 F.2d 764, 767 (2d Cir.1980). To the extent that persons called before a grand jury are concerned that their testimony may one day be released, they may fear future retribution or social stigma, both described by the Supreme Court as "powerful deterrents" to the giving of grand jury testimony. *Douglas Oil, supra*, 441 U.S. at 219, 222, 99 S.Ct. at 1674.

In this case the force of these two interests is diminished in view of the persons to whom the material is sought to be released and the person to whom it relates.

It is not a private party who seeks disclosure. State and federal government officials charged with the performance of a public duty to investigate activity that may be criminal join in the motion. Disclosure might well enhance the effective performance of this duty, *see Sells, supra*, 463 U.S. at ——, 103 S.Ct. at 3148–49; *Sobotka, supra*, 623 F.2d at 767; and would also further federal and state cooperation in upholding the law. *See In re Grand Jury Proceedings*, 483 F.Supp. 422, 424 (E.D.Pa. 1979).

To give the District Attorney access to the materials does not pose as great a risk of further leakage or improper use as would disclosure to private parties. Relatively few people would be privy to the information, and rules of secrecy also apply

to state grand jury proceedings. *See, Sells, supra,* 463 U.S. at ——, 103 S.Ct. at 3139 n. 7, 3149.

Finally, the state is investigating a United States Congressman and a former member of the New York State Assembly. There is a singular interest in the integrity of elected officials and a corresponding interest in the prosecution of their misdeeds. Secrecy concerning their activities has rarely contributed to confidence in them. But an investigation in which the District Attorney has been accorded access to all material evidence, and has found nothing to warrant prosecution, may instill such confidence. *Cf. In re Petition to Inspect and Copy Grand Jury Materials (Hastings),* 735 F.2d 1261, 1273–74 (11th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 254, 83 L.Ed.2d 191 (1984). Thus Schumer, while entitled to the same presumption of innocence as any other citizen, may be subject to a more exacting public scrutiny.

### IV

Having analyzed the interests in secrecy, the court turns to the interests in disclosure asserted by the District Attorney. She suggests that to make the federal grand jury testimony available to her would facilitate the state investigation. First, disclosure would allow her both to refresh the recollection and to impeach the testimony of witnesses in the state grand jury or at trial. Both of these purposes are in principle often sufficient to constitute particularized need. *See, e.g., Douglas Oil, supra,* 441 U.S. at 222 n. 12, 99 S.Ct. at 1674 n. 12; *Dennis v. United States,* 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966); *Procter & Gamble, supra,* 356 U.S. at 683, 78 S.Ct. at 986. This interest is potentially significant, but its assertion at the present time is premature. The federal witnesses have not been called to testify before a state grand jury. Indeed, one has not yet been empanelled, and the District Attorney says that she has not decided whether or not to call one. *See, e.g., In re*

*Grand Jury Matter (Catania),* 682 F.2d 61, 66 (3d Cir.1982).

To justify disclosure now the court would have to assume that a grand jury will be called and that the witnesses before it will have forgotten the facts or will give testimony at variance with their earlier testimony. In order to make an appropriate limitation of disclosure solely to those parts of the transcript needed, the court would have to predict what each witness would say. The fact that the witnesses' unsworn statements to the District Attorney may be inconsistent with their federal testimony is not sufficient to establish they will violate their oath to give truthful testimony to the state grand jury. If they do commit what the District Attorney has reason to believe is perjury, it is hardly likely she will be unable to persuade a state judge to release to this court *in camera* the state grand jury testimony so that this court may assess the need to release the federal testimony.

The District Attorney says that disclosure will otherwise aid her inquiry. She argues that without the federal testimony she "will not be in a position adequately to assess the propriety of commencing a state Grand Jury proceeding." She goes so far as to say that after discussing the matter with the United States Attorney, interviewing the relevant witnesses, and assessing their credibility she believes that further investigation would be "stymied" without the federal testimony and that the witnesses cannot be induced to provide the "missing facts" by compelling them to testify in a state grand jury.

█ Such speculation hardly establishes a pressing need. Rule 6(e)(3)(C)(i) should not be used as a general discovery device. This court holds, and reads the opinion of the Court of Appeals for the Second Circuit in the *Sobotka* case, *supra,* 623 F.2d at 768, to imply, that to establish a "particularized need" the movants must show that the need cannot be met by compulsory process. *See also In re Grand Jury (Catania), supra,* 682 F.2d at 66; *Grumman*

*Aerospace Corp. v. Titanium Metals Corp.,* 554 F.Supp. 771, 777 (E.D.N.Y.1982); *United States v. Metropolitan Edison Company,* 594 F.Supp. 117, 119–20 & n. 3 (M.D.Pa.1984); *In re Grand Jury Disclosure,* 550 F.Supp. 1171, 1184 (E.D.Va.1982) and cases cited.

This court respectfully declines to follow the decision in the Eighth Circuit case of *In the Matter of Disclosure of Testimony Before the Grand Jury (Troia),* 580 F.2d 281, 286–87 (8th Cir.1978), which is inconsistent with this court's holding. *See also In the Matter of Petition for Disclosure of Evidence Before the October 1959 Grand Jury of this Court,* 184 F.Supp. 38, 41 (E.D.Va.1960).

█ The District Attorney does not establish particularized need by showing that disclosure may save her additional time and expense. *See, Sells, supra,* 463 U.S. at ——, 103 S.Ct. at 3142 and cases cited. Her argument that perhaps the statute of limitations will run if access is not allowed is of little consequence. Nothing has precluded her from heretofore placing the matter before a state grand jury. *See In re Grand Jury (Catania), supra,* 682 F.2d at 66.

### V

The court concludes that the District Attorney has not at present shown a need for disclosure of the federal grand jury material outweighing the need for continued secrecy. While the interests underlying the maintenance of grand jury secrecy in this case are scarcely formidable, the District Attorney's present need is not sufficient to prevail over them. The court expresses no view as to the merits of the federal or state investigations.

The motion is denied without prejudice to a renewal of the application if greater need is demonstrated as the state investigation proceeds.

So ordered.