

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-20-2002

# USA v. Chang

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2839

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Chang" (2002). *2002 Decisions.* Paper 593.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/593

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

                                        NOT PRECEDENTIAL

              THE UNITED STATES COURT OF APPEALS
                   FOR THE THIRD CIRCUIT
                      _____

                 Nos. 02-2839 and 02-2907
                      _____

             UNITED STATES OF AMERICA,

                         vs.

          DAVID CHANG, a/k/a IL WOO CHANG,

                    Robert G. Torricelli (Intervenor in D.C.),
                    Appellant at No. 02-2839.
                      _____

              UNITED STATES OF AMERICA

                          v.

          DAVID CHANG, a/k/a IL WOO CHANG,

                    Robert G. Torricelli (Intervenor in D.C.),

                    WNBC, a television station owned and
                                        operated by National Broadcastin
                    Company, Inc.; NEW YORK TIMES,
                    publishers of theNew York Times;
                    PHILADELPHIA NEWSPAPERS INC.,
                    publisher of the Philadelphia Inquirer;
                    NORTH JERSEY MEDIA GROUP,
                    publisher of The Record(Bergen County,
                    N.J.) and the American Broadcasting
                    Companies; MEDIA INTERVENORS
                    (Intervenors in D.C.),
                    Appellants at No. 02-2907.


                      _____

        APPEAL FROM THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY

                 (D.C. No. 99-cr-00726-2)
         District Judge:  The Honorable Alfred M. Wolin
                      _____

                ARGUED SEPTEMBER 10, 2002

          BEFORE: NYGAARD, ROTH, and WEIS, Circuit Judges.

                 (Filed:   September 20, 2002)
                      _____

Theodore V. Wells, Jr., Esq. (Argued)
Paul, Weiss, Rifkind, Wharton & Garrison

1285 Avenue of the Americas
New York, NY 10019-6064
        Counsel for Appellant, Robert G. Torricelli


Bruce S. Rosen, Esq. (Argued)
McCusker, Anselmi, Rosen, Carvelli, & Walsh
127 Main Street
Chatham, NJ 07928
        Counsel for Appellants, Media Intervenors, et. al.


Michael A. Rotker, Esq. (Argued)
United States Department of Justice
Criminal Division, Appellate Section
Suite 6206, 601 D Street, NW
Washington, DC 20530
        Counsel for Appellee, United States of America


Donald A. Robinson, Esq.
Robinson & Livelli
Two Penn Plaza East
11th Floor
Newark, NJ 07105
        Counsel for Amicus Curiae, Newark Morning

OPINION OF THE COURT
_____


NYGAARD, Circuit Judge.
        Appellants, U.S. Senator Torricelli and Media Intervenors, appeal from the District Court's decision to partially seal, by selective redactions, the government's sentencing memorandum in its case against David Chang. The sentencing memorandum, here a letter filed pursuant to U.S. Sentencing Guidelines  5K1.1 (hereinafter "5K letter"), details Chang's cooperation and the government's reasons for seeking a downward departure in his sentence. The Senator seeks to deny access completely. The Media seek complete access. The government is content with the status quo.
        We exercise plenary review over the District Court's sealing of trial records. In re Newark Morning Ledger, 260 F.3d 217, 220 (3d Cir. 2001); United States v. Antar, 38 F.3d 1348, 1356 57 (3d Cir. 1994). The District Court had jurisdiction under 18 U.S.C.  3231. We have jurisdiction over a final order denying access to court records or proceedings under 28 U.S.C.  1291. In re Newark Morning Ledger, 260 F.3d at 220. We will reverse the order of the District Court and release the 5K letter in its entirety.
                                I.
        Inasmuch as there is nothing of precedential value in our decision here, and we write mainly for the District Court and the parties who are familiar with both the facts and procedural history of this case, it is unnecessary to recount either in detail. For readers not so initiated, it is sufficient background to relate that Chang pleaded guilty to five counts related to making illegal contributions to Senator Torricelli. Sentencing for Chang was scheduled for May 23, 2002. His counsel prepared an 18-page sentencing memorandum setting forth in great detail Chang's relationship with Senator Torricelli over a period of years. The memorandum recited Chang's allegations of his payments in cash and gifts to the Senator totaling many thousands of dollars in return for Torricelli's efforts on Chang's behalf to secure repayment of a debt by the North Korean

government.  The memorandum also alleged that although he had cooperated with the federal government, Chang had been arrested and jailed and had been threatened by Senator Torricelli.

Chang's sentencing memorandum was date-stamped by the Clerk of the District Court's Office indicating that it was "Received May 22, 2002 at 8:30."  At the opening of the sentencing proceeding on May 23, 2002, the district judge announced that on entering the courthouse that morning he was presented with two newspaper articles referring to Chang's sentencing memorandum in detail.  The judge observed that 'it's in the public domain' and the newspapers 'have quoted it with a degree of intimacy of the details indicating they had an opportunity to read it very carefully.'"

## II.

Torricelli argues that the information in the 5K letter reveals secret grand jury material, and should thus remain sealed.  His argument is meritless.  We are exploring no new jurisprudential territory on this issue.  It is well-settled law that if the information sought is secret grand jury material, or even "affects" or "relates to" grand jury proceedings, no presumptive right of access exists. See, e.g., United States v. Smith, 123 F.3d 140, 143 (3d Cir. 1997).  Federal Rule of Criminal Procedure 6(e) specifically provides that the court shall seal records to "prevent disclosure of matters occurring before a grand jury." Fed. R. Crim. Pro. 6(e)(2).  This protection extends to  "anything which may reveal what occurred before the grand jury," including indirect disclosures of information.  In re Grand Jury Matter (Catania), 682 F.2d 61, 63 (3d Cir. 1982).

It is also well-settled law that information does not become a matter occurring before the grand jury simply by being presented to the grand jury, particularly where it was developed independently of the grand jury.  See In re Grand Jury Matter (Garden Court), 697 F.2d 511, 513 (3d Cir. 1982).  Information developed outside the grand jury process, "although perhaps developed with an eye toward ultimate use in a grand jury proceeding" exists apart from the grand jury process.  Catania, 682 F.2d at 64.  Here, Chang did not even testify before the grand jury.  Moreover, the most compelling evidence against Torricelli's argument is the content of the 5K letter itself.  We agree completely with the District Court that the 5K letter does not reveal "what occurred before the grand jury" and therefore is not protected grand jury material.

## III.

The Media seek access to the 5K letter under both the common law right of access to judicial records and First Amendment right of access.  Because we decide the Media's appeal under the common law right of access, we need not reach the First Amendment issues.

Once again, jurisprudentially, there is nothing new here.  In Nixon v. Warner Cable, the Supreme Court recognized an historic common law right of access to judicial documents.  435 U.S. 589, 597 (1978).  "The common law right of access is not limited to evidence, but rather encompasses all 'judicial records and documents.'" United States v. Martin, 746 F.2d 964, 968 (3d Cir. 1984).  It is beyond question that the 5K letter at issue in this case is a judicial document.  "The status of a document as a 'judicial record' . . . depends on whether a document has been filed with the court, or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001).  Filing clearly establishes the status of a document as a judicial record.  Id.  The government filed its 5K letter with the court, and the District Court used it in adjudicatory proceedings as a basis for departing from the sentencing guidelines.  Therefore, as a judicial document, the 5K letter falls under the presumption of openness that attaches to such documents.

That having been decided, we recognize a long-standing and strong presumption of the right to inspect and copy judicial records.  See United States v. Criden, 648 F.2d 814, 819 (3d Cir. 1981).  This presumption arises out of many of the same considerations that support the First Amendment right of access to criminal trials.  Id. at 820.  Quoting Chief Justice Burger in Richmond Newspapers, we noted in Criden "To work effectively, it is important that society's criminal process 'satisfy the appearance of justice,' and the appearance of justice can best be provided by allowing people to observe it." Id. at 821 (quoting Richmond Newspapers, Inc. v. Virginia, 448

U.S. 555 (1980) (citation omitted)). Also worth more than a mere note, is the important functional role that openness and access to judicial documents occupies in both our government and our society; by assuring that the public is informed; in demonstrating the fairness of the law being administered to all the citizenry; in the check that such openness provides on the judiciary as a restraint against possible abuse of power; and in assuring, and giving the appearance of, propriety in judicial proceedings. All of these considerations are operative in this case.

That is not to say that sometimes other concerns may prevail over the strong presumption of access. This, however, is not one of those times. The government suggests that releasing the letter will reveal prosecutorial methodology and disadvantage law enforcement in its future efforts, or that there will be a chilling effect on prosecutorial disclosures in sentencing memorandums, thus leaving courts to make sentencing decisions with less than complete information. Again the 5K letter itself is the best evidence against these arguments. There is simply nothing in the document that would do any of the above. These bald, unsupported assertions simply fail to overcome the strong presumption of openness that attaches to judicial documents.

As stated by then-Judge Kennedy of the Ninth Circuit, "Public examination, study, and comment is essential if the corrections process is to improve. Those objectives are disserved if the government conceals its position on so critical a matter as the modification of a felony sentence in a celebrated case." CBS, Inc. v. District Court, 765 F.2d 823, 826 (9th Cir. 1982). Here, the government's concerns about damage to the judicial system and law enforcement are not very realistic, and are simply inadequate to overcome the strong presumption of openness.

IV.

Both Torricelli and the government call for sealing the 5K letter to protect the privacy interests of unindicted third parties; to wit, the Senator. Again, we recognize that in some circumstances, legitimate privacy concerns may overcome the presumption of access. See Criden, 648 F.2d at 829. And again, this is not one of those times.

We have carefully compared the allegations in Chang's memo and the government's version in its 5K letter concerning what Chang told various officials. We find that they are substantially the same. Thus, whatever the nature of Senator Torricelli's privacy interest, the issue of secrecy became irrelevant when the newspapers published Chang's sentencing memorandum. As far as the Senator's privacy is concerned, the ink was in the milk and nothing in the government's memorandum worsened the situation for him.

In United States v. Smith, 787 F.2d 111 (3d Cir. 1986), the media sought access to transcripts of sidebar and chambers conferences, which would reveal that the government had targeted a witness for criminal investigation. The witness, an official in the state Republican party, argued that the disclosure would "expose him to 'unwarranted public humiliation and degradation, would be unseemly and shameless, and would constitute an unconscionable invasion of privacy." Id. at 116. We noted that although access to judicial records could be denied to prevent "unnecessary and intensified pain on third parties who the court reasonably finds are entitled to such protection," the witness in Smith was not such a person. Id. As with the witness in Smith, Torricelli's connection with the trial has been made public. Indeed, the record indicates that he has already made public statements attempting to refute the very material he now wants us to suppress from public view. And as in Smith, although the 5K letter contains statements that are perhaps painful to Torricelli, it is not the "unnecessary and intensified pain" required to overcome the presumption of openness.

V.

In summary, the government's 5K letter is not subject to the rule of grand jury secrecy. Without that protection, the common law right of access to judicial documents and records applies. Neither the government's asserted interests in protecting law enforcement methods and judicial efficiency, nor Torricelli's asserted privacy interests overcome the important governmental and societal reasons for openness and allowing access. We will therefore reverse the order of the District Court, which released only a redacted version of the 5K letter, and will release the 5K letter in its entirety.

TO THE CLERK:

      Please file the foregoing opinion.


                    /s/ Richard L. Nygaard
                        Circuit Judge