**In re GRAND JURY,**

**United States of America, Plaintiff—Appellee,**

v.

**Consortium De Realisation S.A., CDR–Enterprises S.A., CDR–Creances S.A., and CDR–Participations S.A., ("CDR Parties") Defendant—Appellant.**

No. 04–50112.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 2004.

Decided Dec. 2, 2004.

---

Before: TASHIMA, FISHER, and TALLMAN, Circuit Judges.

## MEMORANDUM *

After a five-year federal grand jury investigation of several individuals and European companies, including the CDR Parties, for violation of federal banking laws related to the fraudulent acquisition of assets from a collapsed California insurance company now under rehabilitation by the California Commissioner of Insurance ("Commissioner"), the United States ("government") sought and obtained an order from the district court disclosing materials related to the grand jury's investigation ("Criminal Case"). The CDR Parties timely appealed. We AFFIRM the district court's initial order in part, but REMAND for further consideration of both the initial and the subsequent requests for disclosure in light of changed circumstances in a related civil action.

## I.  History

There are actually two separate, but related, cases relevant to our inquiry. The first is the Criminal Case described above. The second is a collateral civil action which the Commissioner filed ("Civil Action") in the Central District of California seeking damages from the same underlying transaction that was the subject of the Criminal Case.

During the pendency of the grand jury investigation, the United States successfully moved in the Criminal Case to discover certain attorney-client privileged materials

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

under the crime/fraud exception.[1] After the district judge granted that motion in the Criminal Case, the Commissioner made a similar, but unsuccessful crime/fraud motion before a different judge in the Civil Action seeking substantially the same attorney-client privileged materials.

At the conclusion of the grand jury investigation, the United States sought and obtained an order from the district court in the Criminal Case which authorized disclosure of certain materials related to the grand jury's investigation. There were two categories of materials: (1) *"In Camera* Materials,"* defined as those materials that the government filed under seal and *in camera,* including grand jury testimony, confidential witness statements, declarations and other unredacted government memoranda; and (2) "Under Seal Pleadings and Exhibits," defined as the pleadings and exhibits that were filed as part of the government's earlier crime/fraud motion in the grand jury investigation. In obtaining this subsequent disclosure in the Criminal Case, the government successfully argued that the *In Camera* Materials were necessary to rectify a potential injustice in the Civil Action: that the court in the Civil Action had denied the Commissioner's crime/fraud motion based on an incomplete and questionable evidentiary record devoid of the materials listed above from the Criminal Case. The government also argued that the Under Seal Pleadings and Exhibits were not grand jury materials within the definition and under the protection of Fed.R.Crim.P. 6(e), and could thus be disclosed despite the traditional veil of secrecy attending grand jury investigations. While the challenge to disclosure was pending on appeal by the CDR Parties, the magistrate judge in the Civil Action substantially granted the Commissioner's virtually identical, renewed crime/fraud motion.

## II. Pending Motions

There are several pending motions on appeal filed by both the United States and the CDR Parties which we now address. First, we GRANT the CDR Parties leave to file their consolidated over-length brief to aid us in a determination of the issues at hand. Second, we GRANT in part and DENY in part the government's Motion to Further Supplement the Record on Appeal. The government's motion to supplement the record is granted only as to Item 6.A because it is properly subject to judicial notice. *See, e.g., Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank,* 136 F.3d 1360, 1364 (9th Cir.1998). However, we DENY the government's motion to supplement the record as to all other requested items because parties may not "add to or enlarge the record on appeal to include material that was not before the district court." *Morrison v. Hall,* 261 F.3d 896, 900 n. 4 (9th Cir.2001) (internal citations and quotations omitted). The United States is free to renew its motion without prejudice on remand to the district court. Third, we DENY the government's Motion for Summary Affirmance as moot because we have already heard argument from each party to this appeal.

## III. Analysis

■ We address the two categories of materials (*In Camera* Materials and Under Seal Pleadings and Exhibits) in turn. First, as to the *In Camera* materials, the

---

1. "It is the purpose of the crime-fraud exception ... to assure that the 'seal of secrecy' between lawyer and client does not extend to communications made for the purpose of getting advice for the commission of a fraud or crime." *U.S. v. Bauer,* 132 F.3d 504, 509 (9th Cir.1997) (quoting *United States v. Zolin,* 491 U.S. 554, 563, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989)).

law is clear that the district court has discretion to order disclosure if: (a) necessary to avoid a possible injustice in another judicial proceeding, (b) the need for disclosure is greater than the need for continued secrecy, and (c) the request is structured to cover only necessary material. *Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 U.S. 211, 222, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979); *see also* Fed. R.Crim. Pro. 6(e). The district judge in the Criminal Case properly exercised his discretion in granting disclosure of the *In Camera* Materials, in part, because the close of the grand jury investigation mitigated much of the need for continued secrecy. *Id.* at 223, 99 S.Ct. 1667. Moreover, the district court's order created procedural protections that are structured narrowly enough to limit disclosure of the material as needed to prevent unauthorized or overbroad disclosure of the *In Camera* materials to non-parties to the Civil Action.

We are satisfied from our review of the record that at the time the district court entered its disclosure order, there was a clear risk of potential injustice which could have been produced by inconsistent crime/fraud rulings—one granted by the district judge presiding over Criminal Case discovery issues with the benefit of the *In Camera* Materials and the Under Seal Pleadings and Exhibits, and one denied by the magistrate judge presiding over discovery issues in the Civil Action without those same materials. However, because the magistrate judge in the Civil Action has since substantially granted the Commissioner's renewed crime/fraud motion, the government's claimed injustice has not come to fruition and may be moot. In light of the changed circumstances since the appeal was filed, we think it best to STAY enforcement of the district court's disclosure order to remand the case to the district court to give that court the oppor-

tunity to consider the necessity for vacating or modifying its disclosure order in light of the magistrate judge's subsequent ruling on the crime/fraud motion in the Civil Action. Additionally, we think it entirely fair that the government have an opportunity to raise any additional grounds further justifying disclosure on remand.

■ The district court also ordered disclosure of the Under Seal Pleadings and Exhibits—the pleadings and exhibits originally filed under seal by the government in support of its crime/fraud motion. The district court held that these materials were not grand jury materials within the definition of Rule 6(e), and could be disclosed. We agree. Because the Under Seal Exhibits were created outside the context of the grand jury investigation and were sought, not for what they reveal about the investigation, but for their own sake, they are outside the protections of Fed.R.Crim.P. 6(e). *See United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993). Similarly, the Under Seal Pleadings do not reveal grand jury information because they were carefully drafted and, where necessary, they were sufficiently redacted so as not to reveal what occurred before the grand jury. *See, e.g., In re Grand Jury Matter (Catania)*, 682 F.2d 61, 62 n. 4 (3d Cir.1982). Now that the grand jury investigation is closed, there is no need to keep non-grand jury materials secret. *See generally In re Special Grand Jury*, 674 F.2d 778, 781 (9th Cir.1982).

In conclusion, though we agree that the district court in the Criminal Case did not abuse its discretion in ordering disclosure of the *In Camera* Materials, a temporary stay of disclosure is now appropriate given that the stated purpose for disclosure may have been cured by the magistrate judge's subsequent order in the Civil Action sub-

stantially granting the Commissioner's renewed crime/fraud motion. Because the Under Seal Pleadings and Exhibits are not grand jury materials under Rule 6(e) and because there is no harm from disclosure now that the grand jury investigation is over, we AFFIRM the district court's disclosure order as to the Under Seal Pleadings and Exhibits. The panel shall retain jurisdiction over any further appeals.

AFFIRMED in part, STAYED in part, and REMANDED for further proceedings pending reconsideration on remand by the district judge overseeing the Criminal Case.